IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MEGAN E. BEELER | ) | |
| 99 SUMMERHILL PARK | ) | |
| CROWNSVILLE, MD 21032 | ) | |
| | ) | |
| Plaintiff | ) | CIVIL NO. |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| C.S.D., L.L.C. | ) | |
| 8510 CONTEE ROAD | ) | |
| LAUREL, MD 20708 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARYLAND ORAL SURGERY | ) | |
| ASSOCIATES | ) | |
| 167 CROFTON CENTER | ) | |
| SUITE 7-A | ) | |
| CROFTON, MD 21114 | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

1. This action seeks redress for the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") and the Maryland Consumer Protection Act (the "MCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here and are Maryland corporations.

## THE PARTIES

4. Plaintiff Megan E. Beeler is a natural person who resides in the City of Crownsville, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant C.S.D., L.L.C. (hereinafter "Defendant CSD"), is a collection agency operating from an address of 8510 Contee Road, Laurel, MD 20708 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Maryland Oral Surgery Associates (hereinafter "Defendant MOSA") is a medical facility operating from an address of 1667 Crofton Center, Suite 7-A, Crofton, MD 21114 and is a "person" as that term is defined by 13-101(h) of the Maryland Consumer Protection Act.

## FACTS

7. On or about June 2011, Ms. Beeler incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), specifically a medical debt with Defendant MOSA.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant CSD for collection.

*Communication of December 13, 2011*

9. On December 13, 2011, Defendant CSD made a "communication" as defined by 15 U.S.C. § 1692a(2) in an attempt to collect the debt.

10. Specifically, Defendant CSD sent a letter to Ms. Beeler demanding that payment be made to avoid "further legal action." *See* Exhibit A.

11. While Defendant CSD included a notice that the communication was sent in an effort to collect a debt, the communication included false or misleading representations in violation of the FDCPA. The letter implies that Defendant CSD is a law firm and the procurement of Defendant

CSD was a legal action in violation of 15 U.S.C. § 1692e(3). The use of the term "further legal action" falsely implies that legal action has already been taken against Ms. Beeler, a violation of 15 U.S.C. § 1692e(10) and Md. Code Ann., Comm. Law, §§ 13-301(1) and 13-303(6), which prohibit the use of false or misleading written statements that have the capacity of misleading consumers in any attempt to collect a consumer debt.

12.   Finally, the letter stated that the amount past due is $2,729.56. This differs from the last statement sent to Ms. Beeler from Defendant MOSA, where the total amount due was $2,021.90. This violates 15 U.S.C. § 1692e(2)(A), which prohibits any false representation regarding the amount of a debt.

*Communication of December 27, 2011*

13.   On December 27, 2011, Defendant CSD made a "communication" as defined by 15 U.S.C. § 1692a(2) in an attempt to collect the debt.

14.   Specifically, Defendant CSD sent a letter to Defendant MOSA, with a copy sent to Ms. Beeler, suggesting that legal action be taken against Ms. Beeler. See Exhibit B.

15.   The letter contained representations that a judgment would be entered against Ms. Beeler and would affect her credit rating for 12 years, when Defendant CSD has no evidence that such actions would occur. This is in violation of 15 U.S.C. § 1692e(10).

16.   The letter included the threat of a legal proceeding, when Defendant CSD has not instituted legal proceedings against Ms. Beeler or other consumers. This violates 15 U.S.C. § 1692e(5) and Md. Code Ann., Comm. Law, §§ 13-301(1) and 13-303(6).

17.   In addition, the letter implied that actions would be taken to garnish Ms. Beeler's wages or bank accounts, even though Defendant CSD had no intention of suing Ms. Beeler or legally

garnishing her wages.  This violates 15 U.S.C. § 1692e(4) and Md. Code Ann., Comm. Law, §§ 13-301(1) and 13-303(6).

18.     Finally, the letter stated that the amount past due is $2,729.56.  This differs from the last statement sent to Ms. Beeler from Defendant MOSA, where the total amount due was $2,021.90.  This violates 15 U.S.C. § 1692e(2)(A), which prohibits any false representation regarding the amount of a debt.

*Communication of January 10, 2012*

19.     On January 10, 2012, Defendant CSD made a "communication" as defined by 15 U.S.C. § 1692a(2) in an attempt to collect the debt.

20.     Specifically, Defendant CSD sent a letter to Defendant MOSA, with a copy sent to Ms. Beeler, affirming that legal action would be taken against Ms. Beeler.  *See* Exhibit C.

21.     The letter threatened Ms. Beeler with a lawsuit unless payment was received within five (5) business days.  No such lawsuit has been filed, yet it has been more than five business days since the date on the letter.  This violates 15 U.S.C. § 1692e(5), which prohibits the threat to take action that is not intended to be taken. It also violates Md. Code Ann., Comm. Law, §§ 13-301(1) and 13-303(6).

22.     The letter contained representations that a judgment would be entered against Ms. Beeler and would affect her credit rating for 12 years, when Defendant CSD has no evidence that such actions would occur.  This is in violation of 15 U.S.C. § 1692e(10).

23.     Finally, the letter stated that the amount past due is $2,729.56.  This differs from the last statement sent to Ms. Beeler from Defendant MOSA, where the total amount due was $2,021.90.  This violates 15 U.S.C. § 1692e(2)(A), which prohibits any false representation regarding the amount of a debt.

*Summary*

24.     The above-described collection communications made to Ms. Beeler by Defendant CSD were made in direct violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the FDCPA provisions cited herein, and the MCPA.

25.     This collections communications caused Ms. Beeler emotional distress and anxiety.

26.     Ms. Beeler suffered actual damages as a result of these illegal collection communications by Defendant CSD in the form of anxiety, emotional distress and fear, amongst other negative emotions.  In addition, Ms. Beeler began to suffer from major migraines on an almost daily basis, migraines that were so intense that there were times where she was unable to function. Furthermore, the communications sent by Defendant CSD caused her acid reflux disease to worsen.

*Respondeat Superior Liability*

27.     The acts and omissions of Defendant CSD, as debt collectors employed by Defendant MOSA, were committed within the time and space limits of their agency relationship with their principal, Defendant MOSA.

28.     The acts and omissions by Defendant CSD were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant MOSA in collecting consumer debts.

29.     By committing these acts and omissions against Ms. Beeler, Defendant CSD was motivated to benefit their principal, Defendant MOSA.

30.     Defendant MOSA is therefore liable to Ms. Beeler through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of the Maryland Consumer Protection Act by Defendant CSD and its collection employees in their attempts to collect this debt from Ms. Beeler.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant CSD constitute a violation of the FDCPA, including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

33. As a result of Defendant CSD's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

### COUNT II
### VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT
### MD. CODE ANN., COM LAW II §§ 13-301 et. seq.

34. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts of Defendant MOSA, CSD and their agents constitute an unfair and deceptive act as made applicable by 13-301(14)(iii).

36. As a result of each and every Defendants' violations of the MCPA, Plaintiff is entitled to actual damages and attorney's fees pursuant to 13-408 from Defendant herein.

### PRAYER FOR RELIEF

WHEREFORE, to redress the injuries caused by Defendant's conduct as stated in Paragraphs 1-36 above, Plaintiff hereby requests the following relief:

A.  for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant CSD;

B.  for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant CSD;

C.  for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant CSD;

D.  for an award of actual damages and attorney's fees pursuant to MCPA § 13-408 against both Defendants;

E.  for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all claims so triable.

Dated: January 25, 2012

Respectfully submitted,

LAWRENCE & FISHER PLLC

*/s/ Morgan W. Fisher*
Morgan W. Fisher, Esq..
Attorney I.D.#28711
155 Duke of Gloucester St.
Annapolis, MD 21401
Telephone: (410) 626-6111
Facsimile: (866) 393-4828
mwf@lawrence-fisher.com

Attorney for Plaintiffs