```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

MEGAN E. BEELER                 *

         Plaintiff              *

    vs.                         *   CIVIL ACTION NO. MJG-12-254

                                *
C.S.D., L.L.C., et al.
                                *
         Defendants
*    *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

The Court has before it the Motion to Dismiss Defendants C.S.D., L.L.C. and Maryland Oral Surgery Associates for Falure [sic] to State a Claim upon Which Relief can be Granted [Document 6] and the materials submitted relating thereto. The Court has reviewed the exhibits and considered the materials submitted by the parties. The Court finds a hearing unnecessary.

I.   BACKGROUND[1]

The plaintiff, Megan E. Beeler ("Ms. Beeler"), is a Maryland resident who incurred a medical debt with defendant, Maryland Oral Surgery Associates ("MOSA"), which was later referred to defendant, C.S.D., L.L.C. ("CSD"), a debt collection agency.  On December 13, 2011, CSD made an attempt to collect

---

[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendants.

the debt by sending a letter to Ms. Beeler demanding that payment be made to avoid "further legal action" (emphasis added) although there had not been any prior legal action.  Compl. Ex. A.  Additional letters were sent on December 27, 2011 and January 10, 2012.  Compl. Ex. B, Ex. C. discussed herein.

By the instant motion, the Defendants seek dismissal of all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

II.  DISMISSAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice.  Id.  A complaint must

---

[2] All Rule references herein refer to the Federal Rules of Civil Procedure unless otherwise indicated.

allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)) (internal quotation marks omitted).

III. DISCUSSION

Ms. Beeler contends that CSD's debt collection communications violated the Federal Debt Collection Practices Act ("FDCPA") and the Maryland Consumer Protection Act ("MCPA"). She further contends that MOSA is liable for CSD's violations of the MCPA under a theory of respondeat superior.

Ms. Beeler asserts that the debt collection communications contained false or misleading representations by implying that legal action had been taken, by threatening to take actions that were not actually intended, by misrepresenting the amount past

3

due, and misrepresenting that CSD was a law firm. Ms. Beeler alleges that the communications caused her emotional distress and anxiety as exhibited by intense migraines and exacerbated acid reflux disease.

> A.  COUNT I - FDCPA VIOLATIONS

There is a violation of the FDCPA if a debt collector uses "any false, deceptive or misleading representations or means" in debt collection.  15 U.S.C. § 1692e.

The FDCPA is a strict liability statute.  A consumer need prove only one violation to trigger liability.  Spencer v. Hendersen-Webb, Inc., 81 F. Supp. 2d 582, 590-91 (D. Md. 1999). If there is a violation, the only defense to liability is provided in § 1692k(c) if a violation is both unintentional and a result of "a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692(c).  However, the proper place for an inquiry into a statutory defense – necessarily dependent upon evidence to be produced by a defendant - is not at the Rule 12(b)(6) stage. See Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 235 (4th Cir. 2007).  Thus, the question now presented is whether the Complaint alleges facts that would establish a plausible claim that CSD committed at least one FDCPA violation.

The Fourth Circuit has held that the language of debt collection letters must be evaluated from the perspective of the "least sophisticated debtor."  United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135-36 (4th Cir. 1996).  This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd."  Id. at 136.

Beeler alleges that CSD, by stating that she must make payment to avoid further legal action, falsely implied that legal action had been taken.  This, alone, is sufficient to present a plausible claim that CSD violated the FDCPA.

CSD presents evidence – outside the four corners of the Complaint – that might (but might not) refute Beeler's contention that CSD overstated her liability.  While CSD may, ultimately, be determined to have a valid defense to the allegation, the Court must accept Plaintiff's allegations as correct.

CSD contends that there is no factual support for the allegations that false or misleading representations were made in violation of 15 U.S.C. § 1692e(3),(4),(5), and (10).  A false representation or implication that the debt collector is an attorney or that the communication is from an attorney is a violation of § 1692e(3).  Ms. Beeler attached all three letters she received as exhibits.  Compl. Ex. A, B, C.  In paragraph 11,

Ms. Beeler alleges that the letter of December 13, 2011 implies that CSD is a law firm.  She also alleges that the language "further legal action" falsely implies that legal action had already been taken.  Although the matter is not free from doubt, when measured through the eyes of the least sophisticated consumer, it is plausible that the letter gave an impression that it was from a lawyer and that legal action had been taken.  Accordingly, the Court will not dismiss the claim that CSD misrepresented its status.

Section 1692e(4) prohibits "[t]he representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."  Ms. Beeler alleges that "the letter [of December 27, 2011] implied that actions would be taken to garnish Ms. Beeler's wages or bank accounts, even though Defendant CSD had no intention of suing Ms. Beeler or legally garnishing her wages."  Compl. ¶ 17.  The letter from CSD to MOSA, provided to Ms. Beeler by CSD, implicated garnishing her wages.  Compl. ¶ 17.  The attached letter stated: "We recommend that a lawsuit be filed to collect the amount owed and, if necessary, other proceedings such as attachment of wages and/or bank accounts."  Compl. Ex. B.

6

Beeler alleges that there was, in reality, no intent to take such actions.  It has been held that even though a plaintiff may make conclusory allegations as to intent in this context, these allegations are sufficient to satisfy pleading requirements at this stage. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)(noting that conclusory allegations of defendant's intent are allowed under Rule 9(b)). Moreover, it is certainly plausible that the purported letter to MOSA is a sham.

A threat to take an action that cannot legally be taken or that is not intended to be taken is a violation of FDCPA under § 1692e(5).  Ms. Beeler alleges that CSD threatened to file a lawsuit "unless payment was received within five (5) business days" but no such lawsuit was filed.  Compl. ¶ 21.  She also alleges that the threat was not real because CSD has not instituted legal proceedings against her or other consumers. Compl. ¶ 16.  These allegations are sufficient to state a claim.

Ms. Beeler alleges that § 1692e(10) was violated by CSD using false representations and deceptive methods while attempting to collect the debt.  She states that the term "further legal action" in the December 13, 2011 letter was false or deceptive by implying that legal action had already been taken.  Compl. ¶ 11.  Further, the letters of December 27, 2011

and January 10, 2012 represented that a judgment "will be entered" and would affect Ms. Beeler's credit rating for 12 years.  Compl. ¶ 15, 22, Ex. B, C.  She alleges that such a representation with no evidence is false and deceptive.  Certainly, CSD could not know that a judgment would be entered against Ms. Beeler, and as such, the representation is deceptive.

In sum, Ms. Beeler has adequately alleged at least one FDCPA violation.  Therefore, the FDCPA claim shall not be dismissed,

### B.   COUNT II – MCPA VIOLATIONS

In her Complaint, paragraphs, 11, 16, 17, and 21, Ms. Beeler alleges violations of MCPA Articles 13-301(1) and 13-303(5).[3]  The MCPA expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the Maryland Consumer Debt Collection Act ("MCDCA").  § 13-301(14(iii).  Ms. Beeler alleges that defendants' acts constituted such unfair and deceptive acts.  Compl. ¶ 35.

---

[3] MCPA Article 13-301(1) prohibits false statements or representations, which have "the capacity, tendency, or effect of deceiving or misleading consumers." The Complaint also refers to Article 13-303(6).  Defendants note they were unable to find Article 13-303(6) and assume Ms. Beeler referred instead to 13-303(4).  The Court assumes the reference is actually to 13-303(5), which is the collection of consumer debts.

An individual alleging unfair or deceptive trade practices under the Maryland Consumer Protection Act may file a complaint with the Attorney General's office or bring a private cause of action. Lloyd v. Gen. Motors Corp., 916 A.2d 257, 277 (Md. 2007). A person bringing a private cause of action must allege (1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) caused an actual injury or loss. Id.

The MCDCA provides that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14-202(8). A collector who violates the MCDCA "is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury." Id. § 14-203.

In addition to the defendants' contention that Ms. Beeler supports her allegations under the MCPA with mere conclusory statements, defendants contend that Ms. Beeler has failed to provide a factual basis for her allegations of actual injury or loss. For the same reasons as stated above, the Court finds Ms. Beeler's allegations more than "mere conclusory statements" as described by the defendants. See Bradshaw v. Hilco Receivables,

LLC, 765 F. Supp. 2d 719, 732-33 (D. Md. 2011)(noting the similarities between MCDCA and Section 1692e(5) of the FDCPA). Further, she has alleged actual damages in the form of anxiety, emotional distress, fear, migraines "that were so intense that there were times where she was unable to function," and a worsening of her acid reflux disease.  Compl. ¶ 26.

While the MCDCA claim may have little practical significance in view of the FDCPA claim, the Court does not find it appropriate to dismiss the state law claim at the present stage.

### C.   MOSA LIABILITY

Ms. Beeler alleges in paragraphs 27 through 30 that defendant MOSA is liable for the actions and omissions of defendant CSD based on an agency relationship.  MOSA argues that CSD is an independent contractor, and there are no factual allegations that would establish it was a principal that is liable for CSD's actions.

Certainly, it appears that CSD was an independent contractor vis-a-vis MOSA and CSD.   However, under Maryland law, a principal may be held liable for the authorized acts of its agent within the scope of the agency relationship.  See Spencer, 81 F. Supp. 2d at 596.  Moreover, in the instant case,

there are allegations that create a plausible claim that MOSA had some involvement with the specific tortious actions of CSD. For example, if MOSA participated in a "scheme" to have CSD provide debtors with copies of purportedly (but not actually) genuine recommendations.  Of course, MOSA may well have what is determined to be a perfectly valid defense.  However, at the present stage, the claims against it will not be dismissed.

IV.  CONCLUSION

For the foregoing reasons:

1.  The Motion to Dismiss Defendants C.S.D., L.L.C. and Maryland Oral Surgery Associates for Falure [sic] to State a Claim upon Which Relief can be Granted [Document 6] is DENIED.

2.  Plaintiff shall arrange a case planning telephone conference to be held by June 30, 2012.

SO ORDERED on Tuesday, June 5, 2012.

```
                              /s/
                        Marvin J. Garbis
                   United States District Judge
```